■ Mary Paolucci et al., Appellants, v First National Supermarket Company, Inc., Doing Business as Edward's Supermarket, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated February 25, 1991, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) as limited by their brief, from so much of an order of the same court, dated May 10, 1991, as upon granting reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 25, 1991, is dismissed, as that order was superseded by the order dated May 10, 1991, made upon reargument; and it is further,

Ordered that the order dated May 10, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Mary Paolucci allegedly slipped on a piece of a strawberry while walking in the produce aisle of the defendant's store, and fell, injuring her ankle. She alleges that the defendant failed to maintain the floor in safe condition. The Supreme Court granted the defendant's motion for summary judgment on the ground that the plaintiffs had failed to present any evidence to raise a triable issue concerning the defendant's actual or constructive notice of the condition which caused Mary Paolucci's fall (see, Lewis v Metropolitan Transp. Auth., 99 AD2d 246, affd 64 NY2d 670; Eddy v Tops Friendly Mkts., 91 AD2d 1203, affd 59 NY2d 692). We affirm.

The plaintiffs relied upon a theory of constructive notice. The only proof offered was an excerpt from the transcript of Mary Paolucci's examination before trial and an affidavit by her husband, the plaintiff Fred Paolucci, with whom she had been shopping. Both, however, do no more than tend to establish that there was other fruit and vegetable matter on the floor where Mary Paolucci fell, and that the carpeting in the area was damp. A general awareness that litter may be present is legally insufficient to charge the defendant with notice of the particular condition which is alleged to have caused the accident. The offending strawberry could have been

deposited only minutes or seconds before the accident; inasmuch as there was no evidence that it had been present for some period of time beforehand, any other conclusion would be pure speculation (see, *Gordon v American Museum of Natural History,* 67 NY2d 836; *Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835; *cf., Negri v Stop & Shop,* 65 NY2d 625). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.