FRANK PIRILLO, Respondent, v LONGWOOD ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant. AMERICAN INDUSTRIAL CLEANING CO., INC., Third-Party Defendant-Respondent. (And Another Action.)

In this slip and fall case, in order for the plaintiff to make out a prima facie case, he must demonstrate that the defendant Longwood Associates, Inc. (hereinafter Longwood), created the condition which caused the accident or that it had actual or constructive notice of the condition *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *see also, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670; *Trujillo v Riverbay Corp.,* 153 AD2d 793). There is no evidence that Longwood created the alleged dangerous condition or that it had actual notice of that condition. Thus, the plaintiff was required to come forth with evidence that Longwood had constructive notice of the condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Negri v Stop & Shop,* 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth., supra).*

In the instant case, the plaintiff alleged that as he entered an elevator in Longwood's building, he noticed an upright can of soda on the lobby floor near the elevator. After visiting his doctor on the third or fourth floor, the plaintiff descended in the same elevator; and when he stepped out of the elevator, he slipped on a puddle of soda. The plaintiff claimed that there were footprints in the soda, that the soda was dried in many spots and that his hands were sticky from the soda. About an hour had elapsed from the time the plaintiff had first entered the elevator and the time he fell.

These facts are insufficient to establish that Longwood had constructive notice of the spilled soda. The mere existence of the soda on the floor at the time of the accident is insufficient to impute notice to Longwood, and there is no evidence that the puddle of soda was present on the lobby floor when the plaintiff entered or for such a period of time as to give rise to constructive notice *(see, Anderson v Klein's Foods,* 73 NY2d 835; *Shildkrout v Board of Educ.,* 173 AD2d 603; *Paciocco v Montgomery Ward,* 163 AD2d 655; *Sikora v Apex Beverage Corp.,* 282 App Div 193, *affd* 306 NY 917). Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.