■ Victoria Grimes, Appellant, v Golub Corporation, Respondent.—Appeal from an order of the Supreme Court (Hughes, J.), entered January 21, 1992 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

We reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment. In a case such as this involving a slip and fall accident, to establish a prima facie case plaintiff was required to show either actual

or constructive notice of the condition causing the fall and this necessitated proof that defendant created the condition or that it had a reasonable opportunity to remedy the situation *(see, Torri v Big V,* 147 AD2d 743). This plaintiff failed to do. At her examination before trial, plaintiff testified that she did not see the substance (possibly grapefruit juice) prior to the fall and that she did not know how it got on the floor or how long it had been there *(see, Benware v Big V Supermarkets,* 177 AD2d 846). She also admitted that she saw no footprints through the substance. In the absence of any proof of how long the substance was on the floor before plaintiff fell, she may not rely on a theory of constructive notice *(see, Torri v Big V, supra; Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). There was also no showing that defendant created the condition or that it had received any reports that the substance was on the floor *(see, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd on opn below* 64 NY2d 670). The testimony at most showed that defendant's grocery manager learned of the condition after the fall *(see, Fasolino v Charming Stores,* 77 NY2d 847). Insofar as there was no evidence that the substance was on the floor for a sufficient length of time for defendant to have discovered and remedied it, plaintiff failed to make an evidentiary showing sufficient to raise a question of fact on the issue of constructive notice *(see, Benware v Big V Supermarkets, supra).* Plaintiff's remaining contentions have been considered and rejected for lack of merit.

Yesawich Jr., J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.