■ MARYANN BATIANCELA, Respondent, v STATEN ISLAND MALL et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Richmond County (Amann, J., at trial on liability; Cusick, J., at trial on damages), entered November 27, 1990, which, after bifurcated jury trials on the issues of liability and damages, is in favor of the plaintiff and against the defendants in the principal sum of $40,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

In this "slip-and-fall" case, in order for the plaintiff to make out a prima facie case, she had to demonstrate that the defendants created the condition which caused the accident or that they had actual or constructive notice of the condition *(see, Pirillo v Longwood Assocs.,* 179 AD2d 744). There is no evidence that the defendants either created the allegedly dangerous condition or had actual notice of the condition. Thus, the plaintiff was required to produce evidence showing that the defendants had constructive knowledge of the alleged dangerous condition.

The plaintiff asserts that she slipped and fell on ice cream which had melted on a terrazzo tile floor. Contrary to the plaintiff's contentions, melted ice cream which is in a "pool", and "sticky", does not constitute a defect which is visible and apparent and in existence "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 249, *affd* 64 NY2d 670). This is especially true in this case, since the melted ice cream was allegedly vanilla and had melted on a beige and white floor. The mere existence of ice cream on the floor of the mall without further evidence as to the length of time the ice cream was present

does not constitute evidence of constructive notice *(see, Anderson v Klein's Foods,* 73 NY2d 835; *Pirillo v Longwood Assocs., supra; Shildkrout v Board of Educ.,* 173 AD2d 603).

In light of our determination, we need not reach the defendants' remaining contentions. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.