■ PHYLLIS CAFIERO et al., Appellants, v INSERRA SUPERMARKETS, INC., Doing Business as SHOPRITE OF HAVERSTRAW,

Respondent. [599 NYS2d 342] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Stolarik, J.), entered October 10, 1991 in Rockland County, upon a dismissal of the complaint at the close of evidence.

Plaintiffs commenced this action seeking damages for injuries sustained as a result of a slip and fall of plaintiff Phyllis Cafiero (hereinafter plaintiff) in a store operated by defendant. In our view, a jury determination that defendant had actual or constructive knowledge of the condition which caused plaintiff's injury would have been based upon nothing more than speculation and surmise. Accordingly, Supreme Court's judgment dismissing the complaint at the conclusion of the proof should be affirmed.

Although the trial evidence established the existence of a small dark sticky spot on the floor near the site of plaintiff's fall, the proof does not support any conclusion, or even permit a reasonable inference, as to the identity, source or time of deposit of the substance. Despite the testimony that the spot was dirty, there is no question that the floor was professionally cleaned and polished less than two hours prior to the accident and, although Saturday traditionally was a busy day at the store, the accident took place during one of the slowest times of the day. Similarly, although plaintiff testified as to the existence of dirty streaks near the spot, no indication is given that these marks had a common origin or were in any way related to the spot. Plaintiff candidly testified that she did not see the spot (or the nearby dirty streaks) prior to the accident and did not know what caused her to fall. It was after the accident, when she was sitting on a milk crate in the aisle, that she first saw the spot and streaks. Notably, no witness testified that the spot was smeared or otherwise evidenced plaintiff's step or slip on it.

Under the circumstances, plaintiff failed to establish that the claimed defect was visible and apparent or that it existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837; Benware v Big V Supermarkets, 177 AD2d 846; Torri v Big V, 147 AD2d 743; Anderson v Klein's Foods, 139 AD2d 904, affd on mem below 73 NY2d 835).

Crew III, J., and Harvey, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent. The record discloses that plaintiff Phyllis Cafiero (hereinafter plain-

tiff), while walking in an aisle containing a salad dressing display, slipped on a dirty spot on the floor which was sticky. She testified that there was a lot of dirt and dust around the spot and that there were other black streaks in the aisle nearby as if a carriage was dragging something and made them. The accident occurred several feet from where an employee was marking products stored in the aisle. A witness to the event said that plaintiff fell on a very dirty spot, no bigger than an inch, which had a certain viscosity to its consistency. He described the rest of the aisle as plain dirty. The store manager testified that a cleaning service came in at 6:30 A.M. and cleaned the store which opened at 8:00 A.M. On Saturdays, between 200 to 300 customers an hour would frequent the store. After opening, one employee monitored the store on a routine cycle. The manager's written report indicated that plaintiff fell on a small black spot, tacky, three inches in diameter. He testified that he did not know if anyone had cleaned the aisle or inspected it between 8:30 A.M. and 10:00 A.M., but that no complaints were made to him regarding the spot. Plaintiff fell at 9:50 A.M. The manager verified that a carriage was in the aisle of a type used by employees to change prices.

Viewing the evidence in a light most favorable to plaintiffs and according them the benefit of every reasonable inference, as we must (*Sagorsky v Malyon,* 307 NY 584, 586), it cannot be said as a matter of law that the circumstantial evidence was insufficient to permit the jury to draw the necessary inference that a slippery condition came from a greasy condition in the aisle, which was there for a sufficient length of time prior to the accident to become dirty and tracked through, and to permit the inference of constructive notice to defendant's employees to discover and remedy the situation (see, *Negri v Stop & Shop,* 65 NY2d 625, 626; cf., *Wells v Golub Corp.,* 182 AD2d 927, 927-928). The motion to dismiss should only be granted if there is no rational basis upon which the jury could find for the plaintiff against the moving defendant (*Sagorsky v Malyon, supra).*

Plaintiff herein made out a prima facie case. It could be inferred from the dirtiness of the spot, the uncleanliness of the aisle and the presence of an employee in the aisle that defendant, exercising reasonable care, should have noticed the sticky spot and remedied the situation. The judgment should therefore be reversed and the matter remitted to Supreme Court for a new trial.

Yesawich Jr., J., concurs. Ordered that the judgment is affirmed, without costs.