■ SOLOMON R. KAUFMAN et al., Appellants, v MAN-DELL FOOD STORES, INC., Respondent. [611 NYS2d 230] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated March 27, 1992, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Solomon R. Kaufman allegedly slipped and fell on a yellow lily which was on the floor of the defendant's store, sustaining personal injuries as a result. At an examination before trial, Mr. Kaufman testified that when he first entered the store, he saw one of the defendant's employees cleaning a green substance from the area where he later fell, but had left that area while the man was still sweeping up. He fell on the lily 15 minutes later. In an affidavit in opposition to the defendant's motion for summary judgment, Mr. Kaufman stated that he slipped and fell on a yellow lily, which he had not seen prior to his fall, and that after the fall, he observed that the flower was "smashed [and] flattened out as if it had been trodden upon and was dirty". The defendant's employee testified at his examination before trial that he had swept the area of the accident approximately 30 to 45 minutes before it happened, and had not been informed by anyone that the flower was on the floor prior to the accident.

Contrary to the plaintiffs' contention, it was incumbent

upon them to come forth with evidence that the defendant had either created the allegedly dangerous condition or that it had actual or constructive notice of it, and the mere fact that the defendant had not cleaned the area for 45 minutes, or the fact that the flower appeared smashed and dirty after the accident, were both insufficient to raise a triable issue with respect to notice to the defendant *(see, Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). There was no evidence that the defendant had created the allegedly dangerous condition, or had actual notice of it prior to the accident, and from the evidence which was presented, any finding that the lily had been on the floor for any appreciable period of time would be mere speculation; the evidence was just as consistent with a finding that someone had dropped the lily on the floor and had stepped on it shortly before Mr. Kaufman fell. It is well settled that, without evidence that the defendant created the dangerous condition or had actual notice of it, and absent a showing of evidentiary facts from which a jury can infer constructive notice from the amount of time that the dangerous condition existed, the complaint must be dismissed *(see, Fasolino v Charming Stores,* 77 NY2d 847, 848; *see also, Cafiero v Inserra Supermarkets,* 195 AD2d 681, *affd* 82 NY2d 787; *Batiancela v Staten Is. Mall,* 189 AD2d 743, 743-744; *Edwards v Terryville Meat Co.,* 178 AD2d 580; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636; *Monje v Wegman's Enters.,* 192 AD2d 1133; *Grimes v Golub Corp.,* 188 AD2d 721, 722; *Grier v Macy & Co.,* 173 AD2d 238; *cf., Catanzaro v King Kullen Grocery Co.,* 194 AD2d 584, 584-585; *Farrar v Teicholz,* 173 AD2d 674, 676). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

There is no merit to the plaintiffs' remaining contention. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.