■ DIANA CAPITELLI, Respondent, v KING KULLEN GROCERY Co., INC., Respondent, BETHPAGE PLAZA ASSOCIATES, Sued Herein as BETHPAGE ASSOCIATES, Appellant, et al., Defendant. [615 NYS2d 417] —In an action to recover damages for personal injuries, the defendant Bethpage Plaza Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated October 9, 1992, as denied its cross motion to dismiss the complaint insofar as it is asserted against it, and granted that branch of the cross motion of the defendant King Kullen Grocery Co., Inc., which was to dismiss the cross claims of Bethpage Plaza Associates.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion by the defendant Bethpage Plaza Associates for summary judgment dismissing the complaint and substituting therefor a provision

granting the cross motion, the complaint is dismissed insofar as it is asserted against it, and the action against the remaining defendant is severed; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant payable by the defendant-respondent.

This appeal concerns an alleged "slip and fall" on a soda can outside a supermarket. In order to state a prima facie case of negligence on such a cause of action, the plaintiff must demonstrate that the defendant created the condition which caused the injury or that it had actual or constructive notice of the condition (see, *Gordon v American Museum of Natural History*, 67 NY2d 836; *Kane v Human Servs. Ctr.*, 186 AD2d 539). Here, even viewing the evidence in a light most favorable to the plaintiff, such a demonstration was not made (see, *Weisenthal v Pickman*, 153 AD2d 849).

In light of our determination, we need not reach the appellant's remaining contention. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.