■ Estelle Bykofsky et al., Appellants, v Waldbaum's Supermarkets, Inc., Respondent. [619 NYS2d 760] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Segal, J.), dated July 20, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the afternoon of July 23, 1991, the plaintiff Estelle Bykofsky was shopping in the produce aisle of the defendant's

supermarket when she slipped and fell, sustaining injuries. At her examination before trial, Mrs. Bykofsky testified that she slipped on some squashed pieces of dark-colored fruit. Although Mrs. Bykofsky observed water on the floor of the produce aisle, she did not testify that she stepped in the water prior to her accident, and she did not indicate that the water had caused her fall.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's motion for summary judgment. In order for a plaintiff in a "slip and fall" case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (see, Eddy v Tops Friendly Mkts., 91 AD2d 1203, affd 59 NY2d 692; Capitelli v King Kullen Grocery Co., 207 AD2d 325; Batiancela v Staten Is. Mall, 189 AD2d 743). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). Here, however, there is no evidence that the fruit which allegedly caused Mrs. Bykofsky's fall had been on the floor for any appreciable length of time. While Mrs. Bykofsky described the fruit as "squashed", the evidence was just as consistent with a finding that someone had dropped the fruit on the floor and had stepped on it shortly before Mrs. Bykofsky slipped (see, Kaufman v Man-Dell Food Stores, 203 AD2d 532; Paolucci v First Natl. Supermarket Co., 178 AD2d 636). Moreover, while Mrs. Bykofsky's husband testified that he observed supermarket employees spraying produce with water shortly before his wife's fall, there is no evidence that Mrs. Bykofsky came in contact with the water on the floor of the produce aisle, or that the water in any way caused or contributed to her accident. In the absence of proof that the defendant created the dangerous condition which caused Mrs. Bykofsky's fall or had actual notice of the condition, and in the absence of evidentiary facts from which a jury could infer constructive notice from the amount of time the dangerous condition existed, the complaint must be dismissed (see, Fasolino v Charming Stores, 77 NY2d 847, 848; O'Neal v Grand Union, 207 AD2d 610; Pirillo v Longwood Assocs., 179 AD2d 744). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.