■ MICHAEL W. YOUNG, Appellant, v WHITMAN DELI, INC., et al., Respondents. [625 NYS2d 232] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered October 22, 1993, which, upon granting the defendants' motions for summary judgment dismissing the complaint, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs payable to the respondent Daniel Hesse.

In opposing the defendants' motions for summary judgment, the plaintiff failed to produce any evidence which tended to exclude the hypothesis that the "Snapple" bottle over which he stumbled had been deposited at the scene of the accident only minutes beforehand *(cf., Negri v Stop & Shop,* 65 NY2d 625; *Catanzaro v King Kullen Grocery Co.,* 194 AD2d 584). While the appearance of the Snapple bottle itself, the contents of which had already completely evaporated at the time of the accident, coupled with the physical appearance of the brown paper bag in which the Snapple bottle had been contained, might justify an inference that the bottle had in fact been discarded several hours or even days before the accident, "[t]he evidence [was] just as consistent with a finding that someone had dropped [the Snapple bottle] * * * shortly before plaintiff fell" *(Anderson v Klein's Foods,* 139 AD2d 904, 905, *affd* 73 NY2d 835). Therefore, "any finding that the [Snapple bottle] had been on the [ground] for any appreciable period of time would be mere speculation" *(Anderson v Klein's Foods, supra,* at 905; *see also, Bashaw v Rite Aide,* 207 AD2d 632; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532; *Pirillo v Longwood Assocs.,* 179 AD2d 744; *Shildkrout v Board of Educ.,* 173 AD2d 603; *cf., Huth v Allied Maintenance Corp.,* 143 AD2d 634). Under these circumstances, the Supreme Court properly granted summary judgment *(see, Kaufman v Man-Dell Food Stores, supra).* Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.