■ SUSAN ROTUNNO, Appellant, v PATHMARK, Respondent, et al., Defendants. [632 NYS2d 224] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated June 17, 1994, as granted the defendant Pathmark's cross motion for summary judgment dismissing the complaint as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this slip-and-fall case, it was incumbent upon the plaintiff to come forward with evidence showing that the defendant Pathmark had either created the allegedly dangerous condition or that it had actual or constructive notice of the condition. To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Edwards v Terry Meat Co.*, 178 AD2d 580). The plaintiff was shopping in Pathmark's store when she slipped on grapes located on the floor between the courtesy desk and the cash registers. The plaintiff did not see the grapes until after she fell. There is no evidence in the record that Pathmark caused the grapes to be on the floor, nor is there sufficient evidence in the record to establish that Pathmark had either actual or constructive notice of the grapes. Any finding that the grapes were on the floor for any appreciable length of time would be mere speculation (*see, Anderson v Klein's Foods*, 139 AD2d 904, *affd* 73 NY2d 835; *Monje v Wegman's Enters.*, 192 AD2d 1133). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.