■ In the Matter of TIMOTHY KELLEY, Respondent, v THOMAS A. COUGHLIN III, et al., Appellants. [634 NYS2d 394] —In a proceeding pursuant to CPLR article 78 to compel the respondents to provide the petitioner with adequate medical care at Green Haven Correctional Facility, the appeal is from a judgment of the Supreme Court, Dutchess County (Pagones, J.), entered May 9, 1994, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding to compel the respondents to provide him with adequate medical care at Green Haven Correctional Facility (hereinafter Green Haven). The respondents moved to dismiss the proceeding, *inter alia,* on the ground that Green Haven was providing the petitioner with adequate medical care.

Contrary to the Supreme Court's finding, the respondents' motion to dismiss the petition was timely *(see,* CPLR 7804 [c], [f]; *see also, Matter of New York State Bldrs. Assn. v State of New York,* 98 Misc 2d 1045, 1048). Moreover, the respondents were not "deliberately indifferent" *(People ex rel. Hall v LeFevre,* 60 NY2d 579) to the petitioner's medical needs. For example, medical appointments had been scheduled for the petitioner and were rescheduled upon his return from the Attica Correctional Facility (hereinafter Attica). The petitioner had spent time in both the Green Haven and Attica infirmaries where his medical needs and questions were addressed on a

daily basis. The petitioner had a consultation with an ear, nose, and throat specialist in November 1993, and Green Haven's Health Service Director provided him with medical documentation and explained his medical records to him. In view of these efforts by the respondents, the court should have granted the motion to dismiss the petition.

In view of the foregoing, we need not address the parties' remaining contentions. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.