■ MARINIEVES MASOTTI et al., Respondents, v WALDBAUMS SUPERMARKET, Appellant. [642 NYS2d 950] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated February 9, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Marinieves Masotti allegedly slipped and fell in a puddle of salad dressing which was on the floor of a store owned by the defendant Waldbaums Supermarket, sustaining injuries as a result. The plaintiffs commenced the instant action and the depositions of all parties were completed. At the injured plaintiff's deposition, she indicated that she had no knowledge as to how long the spillage was on the floor and she denied overhearing any conversations concerning the spillage. The defendant subsequently moved for summary judgment on the ground that it had neither actual nor constructive notice of the existence of the defect which allegedly caused the injured

plaintiff to fall, and therefore could not be held liable for injuries allegedly sustained as a result of that fall. The Supreme Court denied the defendant's motion, and we now reverse.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*Negri v Stop & Shop*, 65 NY2d 625, 626; *Lewis v Metropolitan Transp. Auth.*, 64 NY2d 670, *affg on opn* at 99 AD2d 246, 249)" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838).

Here, the defendant met its burden of establishing its lack of awareness of the existence of a defect at the time and place of the occurrence. In opposition, the plaintiffs failed to adduce any evidence in admissible form that anyone, including the injured plaintiff, saw the salad dressing on the floor prior to her fall. Moreover, absent any proof that the dressing was dirty, or had footprints or wheel marks in it, a jury could not reasonably infer that the substance had been on the floor for any appreciable length of time to permit the defendant's employees to discover and remedy it *(see, Gordon v American Museum of Natural History, supra)*.

In opposition to the defendant's motion, the plaintiffs submitted an affidavit from the injured plaintiff in which she alleged that she had overheard a conversation between two unnamed individuals who she assumed to be managers of the supermarket. These individuals allegedly acknowledged that they had prior notice of the condition of the floor. As the plaintiffs cannot establish that these individuals had the authority to speak on behalf of the defendant, the evidence concerning the statements is inadmissible *(see, Loschiavo v Port Auth.*, 86 AD2d 624, *affd* 58 NY2d 1040).

Accordingly, as a matter of law, the plaintiffs failed to rebut the showing by the defendant that it did not have actual or constructive notice of the condition complained of. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.