■ MARY A. CUDDY, Appellant, v WALDBAUM, INC., Respondent. [646 NYS2d 51] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Suffolk County (Doyle, J.), dated August 1, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the afternoon of September 14, 1992, the plaintiff slipped and fell while walking towards the exit of the defendant's supermarket. At her deposition, the plaintiff testified that she slipped on lettuce leaves and wet paper that looked like advertising flyers. The plaintiff did not see the lettuce and paper prior to her fall, did not know why the lettuce and paper were on the floor, and did not know how long they had been there. Nor did she know of anyone who knew how the lettuce and paper got on the floor or how long they had been there. Moreover, she did not know of anyone who witnessed the accident. The plaintiff did not fill out an accident report and did not speak to anyone at Waldbaum after the accident.

The defendant moved for dismissal of the complaint on the grounds, *inter alia,* that the plaintiff had failed to establish that defendant had actual or constructive notice of the slippery condition. The plaintiff submitted an opposing affidavit in which she stated that the lettuce leaves appeared "withered", "shrivelled-up", "walked-on", and "dirty" and that the paper appeared to be "walked-on" and "dirty". The defendant's store manager testified at a deposition that the defendant had no notice that there were lettuce leaves and wet paper on the floor. He also testified as to how the floor of the premises were maintained.

The complaint was properly dismissed. There is no evidence in the record that the defendant created the dangerous condition or had actual notice of it. Moreover, there are no evidentiary facts from which a jury could infer constructive notice from the amount of time that the dangerous condition existed *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Moss v JNK Capital,* 211 AD2d 769, 770, *affd* 85 NY2d 1005; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280; *Davis v Supermarkets Gen. Corp.,* 205 AD2d 730; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532). The plaintiff's assertion in her affidavit in opposition to the motion that the leaves appeared to be "withered", "shrivelled up", "walked-on" and "dirty" was insufficient to raise a triable issue with respect to notice to the defendant *(see, Kaufman v Man-Dell Food Stores, supra; Anderson v Klein's Foods,* 139 AD2d 904, *affd* 73 NY2d 835). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.