■ JOYCE GORDON, Respondent, v WALDBAUM, INC., Appellant. [647 NYS2d 996] —In a negligence action to recover damages

for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered October 25, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish a prima facie case of negligence in a slip and fall case, the plaintiff must demonstrate that the defendant created the dangerous condition which caused the accident or that the defendant had actual or constructive notice of that condition and failed to remedy it within a reasonable time (see, Gordon v American Museum of Natural History, 67 NY2d 836; Masotti v Waldbaums Supermarket, 227 AD2d 532; Bykofsky v Waldbaum's Supermarkets, 210 AD2d 280).

The court correctly denied the defendant's motion for summary judgment. Contrary to the defendant's contentions, the evidence it submitted failed to demonstrate absence of notice as a matter of law (see, Torres v New York City Hous. Auth., 214 AD2d 518; Colt v Great Atl. & Pac. Tea Co., 209 AD2d 294). Rather, the plaintiff asserted in her deposition testimony that a large spill of dish detergent remained on a supermarket aisle for 30 to 35 minutes notwithstanding that she had notified a store employee, and no action was taken to clean the spill prior to her fall (see, e.g., Negri v Stop & Shop, 65 NY2d 625; Catanzaro v King Kullen Grocery Co., 194 AD2d 584; Huth v Allied Maintenance Corp., 143 AD2d 634; Restey v Victory Mkts., 127 AD2d 987; Cameron v Bohack Co., 27 AD2d 362). Therefore, the evidence established the existence of issues of fact.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.