■ GLORIA BERNARD, Appellant, v WALDBAUM, INC., Respondent. [648 NYS2d 700] —In an action to recover damages for personal injuries based upon negligence and premises liability, the plaintiff appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), dated November 2, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff seeks damages for injuries allegedly caused when she slipped and fell on some blueberries on the floor of a

store owned by the defendant. The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The plaintiff failed to show either that the defendant created, or had actual or constructive notice of the condition which allegedly caused her to fall *(see, Kraemer v K-Mart Corp.,* 226 AD2d 590; *Hollinger v Chestnut Ridge Racquet Corp.,* 227 AD2d 380; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Masotti v Waldbaums Supermarket,* 227 AD2d 532). Further, a "general awareness" that a dangerous condition may have been present is legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall *(see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Kraemer v K-Mart Corp., supra; Mercer v City of New York,* 223 AD2d 688; *Snyder v Golub Corp.,* 199 AD2d 776, 777; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636, 637).

In the present case, there is no evidence that anyone, including the plaintiff, saw any blueberries on the floor of the produce aisle before the accident. Although the plaintiff testified at her pretrial deposition that she saw scattered and crushed blueberries on the floor immediately after the accident, the crushed blueberries were those on which she had stepped. There is no evidence, such as other footprints or track marks, which would suggest that the blueberries had been on the floor for a sufficient length of time prior to the plaintiff's fall for an employee of the defendant to have discovered and remedied the situation *(see, Masotti v Waldbaums Supermarket, supra; Gordon v American Museum of Natural History, supra,* at 837-838; *cf., Negri v Stop & Shop,* 65 NY2d 625, 626; *Kelsey v Port Auth.,* 52 AD2d 801).

As the plaintiff failed to show that the defendant had anything more than a general awareness that produce may have fallen on the floor, and also failed to establish that the defendant should be charged with constructive notice because of a recurring condition *(see, Weisenthal v Pickman,* 153 AD2d 849, 851), summary judgment was properly granted. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.