■ ONOFRIO N. MODICA et al., Appellants, v SHOPRITE SUPERMARKETS, INC., et al., Respondents. [657 NYS2d 948] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated March 4, 1996, which granted the defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff Onofrio N. Modica allegedly slipped and fell on open boxes of cookies as well as the cookies themselves while he was shopping in one of the defendants' stores.

In order for the plaintiffs to make out a prima facie case, they had to demonstrate that the defendants created the condition which caused the accident or that they had actual or constructive notice of the condition (*see, Batiancela v Staten Is. Mall*, 189 AD2d 743). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *Negri v Stop & Shop*, 65 NY2d 625, 626). In this case, Mr. Modica testified at his examination before trial that "the marshmallow cream and the boxes, too, were spread out all over the place, open, crushed". In their verified bill of particulars, the plaintiffs alleged that "some of the marshmallow and chocolate had apparently been stepped on by others and run over by shopping carts" and that "some chocolate and marshmallow was hardened and worked into the floor". The foregoing evidence raised

a triable issue of fact (see, CPLR 3212 [b]) as to whether the defendants had constructive notice of the hazardous condition. Mangano, P. J., Sullivan, Altman and McGinity, JJ., concur.