■ SIGMUND KOSER, Respondent, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK SUPERMARKETS, et al., Appellants. [663 NYS2d 888] —In an action to recover damages for personal injuries the defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 14, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In a "slip-and-fall" case it is incumbent upon the plaintiff to

come forward with evidence showing that the defendants had either created the allegedly dangerous condition or had actual or constructive notice of the condition (*see, Gordon v Waldbaum, Inc.*, 231 AD2d 673; *Rotunno v Pathmark*, 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280; *Kaufman v Man-Dell Food Stores*, 203 AD2d 532). The only issue on this appeal is whether there was constructive notice. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (*Rotunno v Pathmark, supra*, at 571).

The plaintiff allegedly slipped and fell on a smashed, "rotten" fruit or sweet potato located on the floor of the bottle exchange room of the defendants' store. The plaintiff did not see the fruit or sweet potato until after he fell.

The plaintiff's description of the fruit or sweet potato as black and "rotten" was insufficient to raise a triable issue with respect to notice to the defendants, and there are no evidentiary facts from which a jury could infer constructive notice (*see, Bernard v Waldbaum, Inc.*, 232 AD2d 596; *Cuddy v Waldbaum, Inc.*, 230 AD2d 703; *Young v Whitman Deli*, 214 AD2d 560; *Kaufman v Man-Dell Food Stores*, 203 AD2d 532, *supra; cf., Modica v Shoprite Supermarkets*, 238 AD2d 554).

Any finding that the fruit or sweet potato had been on the floor for any appreciable period of time would be mere speculation (*see, Katsoris v Waldbaum, Inc.*, 241 AD2d 511; *Rotunno v Pathmark, supra*). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.