**Betty J. NASCA, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 96–CV–6557.**

United States District Court,
W.D. New York.

June 4, 1998.

Jeanne Colombo, Rochester, NY, for Plaintiff.

Michael J. Kanaley, Jr., Cheryl Meyers, Kenney, Kanaley, Shelton & Liptak, LLP, Buffalo, NY, for Defendant.

## DECISION and ORDER

SIRAGUSA, District Judge.

This is a negligence action in which the plaintiff is seeking money damages for injuries allegedly sustained by her on May 9, 1994, while a customer in the Wal–Mart store located in Brockport, New York. Issue was joined on December 10, 1996, and the matter was moved to Federal Court based on diversity jurisdiction on the same day. This matter is now before this Court on defendant's application [docket # 7] for an Order pursuant to FED. R. CIV. P. 56 granting Wal–Mart summary judgment and dismissing the plaintiff's complaint.

### FACTS

There is no dispute as to the material facts necessary to the resolution of the defendant's application. On May 8, 1994, at approximately 4:00 p.m., the plaintiff went to the defendant's store in Brockport, New York to purchase a locket. She was wearing black flat shoes without any heel. She was not wearing glasses, nor did she need glasses for other than reading. She was carrying nothing and had her purse strapped over her shoulder. The weather outside was clear and dry. She proceeded to walk down the food aisle while looking forward and down. She slipped in a clear liquid and fell to the floor. The plaintiff landed on her left knee and right palm. Her palm was covered with dirt and grit after the fall. No one witnessed her fall (Nasca deposition, at 25). The aisle in which she fell did not have beverages for sale.

The spill consisted of a clear liquid and was approximately oblong and about five or six feet in diameter in the long direction, and three or four feet in diameter in the short direction, with grit, dirt, cookie crumbs and cracker crumbs in the liquid; she could see a spot where her shoe had slid into it the liquid. The plaintiff opined that the liquid was either water or a clear pop. Her hand did not stick to the floor, but the cracker and

cookie crumbs and grit did stick to her hand. She did not see this area of liquid prior to stepping into it. The plaintiff has no knowledge of how long that liquid had been on the floor.

## DISCUSSION

The law on summary judgment is well settled. Summary Judgement may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Henry v. Daytop Village, Inc.*, 42 F.3d 89 (2d Cir.1994). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265(1986). Once the moving party has met its initial obligation, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187 (5th Cir.1991); FED. R. CIV. P. 56(f). The court must examine the facts in the light most favorable to the party opposing summary judgment, according the non-moving party every inference which may be drawn from the facts presented. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir.1990). Once the moving party has met its burden, mere conclusions or unsubstantiated allegations or assertions on the part of the opposing party are insufficient to defeat a motion for summary judgment. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9 (2d Cir.1986).

■ It is, of course, incumbent upon Federal District Court sitting on a diversity action to apply substantive State law. *Guaranty Trust Co of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). A leading case on premises liability in New York is *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986). There, the New York Court of Appeals explained that, absent evidence that a defendant created a dangerous condition or had actual notice of it, a plaintiff must prove constructive notice in order to prevail. However, to constitute constructive notice, the evidence must establish that the dangerous condition was visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant to discover the condition and remedy it. Relying on *Gordon*, the Appellate Division, Fourth Department, in *Berg v. Wegmans Food Markets, Inc.*, 242 A.D.2d 861, 662 N.Y.S.2d 897 (4th Dept. 1997), held that the assertion by the plaintiff that the sudsy water in which she allegedly slipped was dirty and stained her clothes, was insufficient to raise a question of fact as to whether the defendant had constructive notice. Likewise, the Appellate Division, Second Department, in *Cuddy v. Waldbaum*, 230 A.D.2d 703, 646 N.Y.S.2d 51 (2nd Dept. 1996) decided that the plaintiff's allegation that the lettuce leaves, upon which she slipped, appeared to be withered up, shriveled, walked on, and dirty, was insufficient to raise a triable issue with respect to notice to the defendant. Moreover, in *Williams v. New York City Transit Authority*, — A.D. ——, 669 N.Y.S.2d 672 (2nd Dept.1998), the Second Department held that where the plaintiff did not know what caused her fall, but after her fall noticed newspapers on the ground and grease on her clothes, such evidence was insufficient to establish that the defendant had constructive notice. The existence of smashed, rotten fruit or sweet potato located on the floor of the bottle exchange room of a defendant's store was insufficient to raise a triable issue of fact with respect to constructive notice in *Koser v. Supermarkets General Corp.*, 244 A.D.2d 320, 663 N.Y.S.2d 888, 889 (2nd Dept.1997). The presence of a puddle of salad dressing in a supermarket was insufficient to raise an issue of constructive notice in *Masotti v. Waldbaums Supermarket*, 227 A.D.2d 532, 642 N.Y.S.2d 950 (2nd Dept.1996).

Here, the plaintiff has produced no evidence that the defendant, Wal–Mart Stores, Inc., was responsible for the liquid which Ms. Nasca observed, or that Wal–Mart had actual notice of such spill. Furthermore, the plaintiff has not produced any evidentiary proof in admissible form that the liquid, which Ms. Nasca observed, had been on the ground for any appreciable length of time prior to her fall, to permit the defendant's employees to discover the condition and remedy it. Though the spill contained crumbs and grit, there was no showing the crumbs and grit were not on the floor prior to the spill. It would be mere speculation to find that the crumbs and grit were added to the liquid after the spill.

The plaintiff also refers extensively to Wal–Mart's "duty to the public" to protect those who visit the store, especially considering that beverages were sold in the store and there had been spills in the past. However, the Fourth Department held in a personal injury action against a premises owner, that the owner's " 'general awareness' that a dangerous condition may exist is insufficient to support a finding that the owner had constructive notice of the specific condition that caused the plaintiff to slip and fall. . . ." *Winecki v. West Seneca Post 8113, Inc.*, 227 A.D.2d 978, 643 N.Y.S.2d 292, 293 (4th Dept. 1996) (citations omitted). In *Winecki*, the corporation's past president also testified that he checked the area for spills every fifteen to twenty minutes during the evening and the Fourth Department held that even this fact, "without more, is insufficient to raise an issue of fact with respect to constructive notice." *Id.* Since the plaintiff here did not see the liquid on the floor prior to falling, despite looking forward and down, it cannot be said that the spill was visible and apparent. *See Mercer v. City of New York*, 223 A.D.2d 688, 690–91, 637 N.Y.S.2d 456 (2nd Dept.1996) (Court found that plaintiff, "despite his clear view of the garage floor, . . . did not see the large puddle of grease prior to his fall . . . ."). Ms. Nasca, unfortunately, has not brought forth evidence that Wal–Mart had constructive notice of the spill.

## CONCLUSION

Therefore, the defendant's motion for summary judgment [docket # 7] is granted and the plaintiff's complaint is dismissed.

IT IS SO ORDERED.