**Renate ROWE, Plaintiff,**

**v.**

**WAL–MART STORES, INC., d/b/a Wal–Mart Store, Defendant.**

**No. 96–CV–6364.**

United States District Court, W.D. New York.

June 24, 1998.

---

Richard G. Vogt, Rochester, NY, for Plaintiff.

Michael J. Kanaley, Jr., Buffalo, NY, for Defendant.

## DECISION and ORDER

SIRAGUSA, District Judge.

This is a negligence action in which Plaintiff is seeking money damages for injuries allegedly sustained by her on July 31, 1993, while a customer in the Wal–Mart store located at 3520 Ridge Road West, Greece, New York. Issue was joined on August 19, 1996, and the matter was moved to Federal Court based on diversity jurisdiction on the same day. This matter is now before this Court on defendant's application [docket # 12] for an Order pursuant to FED.R.CIV.P. 56 granting Wal–Mart summary judgment and dismissing Plaintiff's complaint.

## FACTS

There is no dispute as to the material facts necessary to the resolution of Defendant's application. On July 31, 1996, at approximately 5:30 p.m., Plaintiff went to Defendant's store in Greece, New York to purchase a cat litter box. It was a clear, sunny day. She was wearing black, rubber-soled shoes without any heel and glasses for distance viewing. She entered the store, observed the location of the shopping carts, and proceeded to walk towards them, looking straight ahead. After taking approximately ten to 15 steps, she slipped and fell. After falling, she noticed a Snicker's candy bar wrapper on the floor. She did not see the candy bar prior to falling and has no knowledge of how long that wrapper had been on the floor.

## DISCUSSION

The law on summary judgment is well settled. Summary Judgement may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Henry v. Daytop Village, Inc.*, 42 F.3d 89 (2d Cir.1994). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial obligation, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187 (5th Cir. 1991); FED.R.CIV.P. 56(f). The court must examine the facts in the light most favorable to the party opposing summary judgment, according the non-moving party every inference which may be drawn from the facts presented. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir.1990). Once the moving party has met its burden, mere conclusions or unsubstantiated allegations or assertions on the part of the opposing party are insufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir.1986).

 It is, of course, incumbent upon Federal District Court sitting on a diversity action to apply substantive State law. *Guaranty Trust of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). A leading case on premises liability in New York is

*Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986). There, the New York Court of Appeals explained that, absent evidence that a defendant created a dangerous condition or had actual notice of it, a plaintiff must prove constructive notice in order to prevail. However, to constitute constructive notice, the evidence must establish that the dangerous condition was visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant to discover the condition and remedy it. Relying on *Gordon,* the Appellate Division, Fourth Department, in *Berg v. Wegmans Food Markets Inc.,* 242 A.D.2d 861, 662 N.Y.S.2d 897 (4th Dept.1997), held that the assertion by the plaintiff that the sudsy water in which she allegedly slipped was dirty and stained her clothes, was insufficient to raise a question of fact as to whether the defendant had constructive notice. Likewise, the Appellate Division, Second Department, in *Cuddy v. Waldbaum,* 230 A.D.2d 703, 646 N.Y.S.2d 51 (2d Dept.1996) decided that the plaintiff's allegation that the lettuce leaves, upon which she slipped, appeared to be withered up, shriveled, walked on, and dirty, was insufficient to raise a triable issue with respect to notice to the defendant. Moreover, in *Williams v. New York City Transit Authority,* —— A.D.2d ——, 669 N.Y.S.2d 672 (2d Dept.1998), the Second Department held that where the plaintiff did not know what caused her fall, but after her fall noticed newspapers on the ground and grease on her clothes, such evidence was insufficient to establish that the defendant had constructive notice. The existence of smashed, rotten fruit or sweet potato located on the floor of the bottle exchange room of a defendant's store was insufficient to raise a triable issue of fact with respect to constructive notice in *Koser v. Supermarkets General Corp.,* 244 A.D.2d 320, 663 N.Y.S.2d 888, 889 (2d Dept. 1997). The presence of a puddle of salad dressing in a supermarket was insufficient to raise an issue of constructive notice in *Masotti v. Waldbaums Supermarket,* 227 A.D.2d 532, 642 N.Y.S.2d 950 (2nd Dept.1996).

 Here, Plaintiff has produced no evidence that Defendant, Wal–Mart Stores, Inc., was responsible for the candy bar wrapper which Ms. Rowe observed, or that Wal–Mart had actual notice of the wrapper. Furthermore, Plaintiff has not produced any evidentiary proof in admissible form that the wrapper, which Ms. Rowe observed, had been on the ground for any appreciable length of time prior to her fall, to permit Defendant's employees to discover the condition and remedy.

Plaintiff also refers extensively to Wal–Mart's duty to meet its standard of care to the public. In this regard, Plaintiff relies primarily on the New York Court of Appeals decision in *Putnam v. Stout,* 38 N.Y.2d 607, 381 N.Y.S.2d 848, 345 N.E.2d 319 (1976), which held that the supermarket had breached its duty of care by allowing a ten inch diameter, two inch deep hole in the driveway, which had been there for at least two weeks, to go unrepaired, causing the plaintiff to fall and injure herself when her heel became caught in the hole. This case is distinguishable on the facts from the case at bar which involved a Snicker's candy wrapper which had been on the floor for an unknown period of time. The Third Department in *Bogart v. F.W. Woolworth Company,* 31 A.D.2d 685, 295 N.Y.S.2d 785 (3rd Dept.1968) found sufficient evidence for constructive notice in a case where the defendant store was aware that children were always throwing debris on the sidewalk in front of the store and the plaintiff slipped and fell on a piece of candy or a cookie. However, the Court of Appeals reversed, 24 N.Y.2d 936, 301 N.Y.S.2d 995, 249 N.E.2d 771 (1969), finding that despite the defendant's general knowledge that children threw debris, "there was neither actual nor constructive notice of the particular debris which allegedly caused plaintiff's fall." *Bogart v. F.W. Woolworth Company,* 24 N.Y.2d 936, 937, 301 N.Y.S.2d 995, 249 N.E.2d 771 (1969). In a recent case, the Fourth Department found that the plaintiff failed to show the store had constructive notice of a squashed, dirty grape, on which the plaintiff fell. *Anderson v. Klein's Foods, Inc.,* 139 A.D.2d 904, 527 N.Y.S.2d 897 (1988). The Second Department has held that, "absent a showing of evidentiary facts from which a jury can infer constructive notice, from the amount of time that the dangerous condition existed, the complaint must be dis-

missed," in a case involving a smashed, flattened flower. *Kaufman v. Man–Dell Food Stores, Inc.*, 203 A.D.2d 532, 533, 611 N.Y.S.2d 230 (2d Dept.1994) (citations omitted); *see also Graziano v. J.C. Penney Co., Inc.*, 205 A.D.2d 664, 614 N.Y.S.2d 300 (2d Dept.1994) (no evidence of constructive notice of candy on floor). Construing *Bogart* and *Gordon,* the Eastern District concluded that no heightened duty to inspect and remedy any spills existed in New York. *Hammond–Warner v. United States,* 797 F.Supp. 207 (E.D.N.Y.1992). Nor did the court find that any heightened duty existed simply because defendant's employees were stationed near the site of the fall. *Id.* Likewise, this Court finds that New York law requires that the plaintiff prove either that the defendant created the dangerous condition, or had constructive notice of its existence. Defendant's duty to sweep the floors will not substitute for proof of constructive notice under the circumstances present here. Ms. Rowe, unfortunately, has not brought forth evidence that Wal–Mart had constructive notice of the candy wrapper.

## CONCLUSION

Therefore, Defendant's motion for summary judgment [docket # 12] is granted and Plaintiff's complaint is dismissed.

IT IS SO ORDERED.