■ KALIOPI MARUKOS, Respondent, v WALDBAUMS, INC., Appellant. [699 NYS2d 736] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated July 30, 1998, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages for the injuries she allegedly sustained when she slipped and fell on a "dried spot of ice cream" on the floor near the cash registers in the defendant's supermarket. At her deposition, the plaintiff admitted that she did not notice the substance until after she fell and she only surmised that it was ice cream when she washed her pants at home.

In order to recover damages in a slip and fall case involving debris on a supermarket floor, a plaintiff must demonstrate that the defendant either created the condition that caused the accident or had actual or constructive notice of the condition (*see, e.g., Rotunno v Pathmark*, 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident

to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

After the defendant made out a prima facie case for summary judgment, the plaintiff asserted at her deposition and in her affidavit in opposition to the motion that the substance on the floor was a "very old", "brown", "dried spot of ice cream". These assertions were insufficient to raise a triable issue of fact as to whether the supermarket had constructive notice (*see, Cuddy v Waldbaum, Inc.,* 230 AD2d 703; *Cafiero v Inserra Supermarkets,* 195 AD2d 681, *affd* 82 NY2d 787; *Batiancela v Staten Is. Mall,* 189 AD2d 743). Accordingly, the defendant's motion for summary judgment must be granted. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.