■ TINA MEYER, Respondent, v PATHMARK STORES, INC., Appellant. [736 NYS2d 83] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), entered June 8, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell while approaching the customer service counter in the defendant's store. The plaintiff alleged that she slipped and fell "as a result of a greasy oily substance which appeared to have been somewhat dried at the time." The defendant moved for summary judgment on the ground that it neither created nor had actual or constructive notice of the condition.

It is well settled that "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.,* 216 AD2d 505, 506; *see, Goldman v Waldbaum,* 248 AD2d 436). On a motion for summary judgment to dismiss the complaint based on lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Goldman v Waldbaum, supra*). In this case, the defendant met that burden.

In opposition to the motion, the plaintiff submitted her own affidavit and the affidavit of her then-boyfriend, indicating that, following the occurrence, they observed several spots on the ground with "some dried areas with dirt in them." The affidavits were insufficient to raise a triable issue of fact with respect to notice to the defendant (*see, Cuddy v Waldbaum,* 230 AD2d 703; *Kaufman v Man-Dell Food Stores,* 203 AD2d 532). Santucci, J.P., Altman, Florio, H. Miller and Cozier, JJ., concur.