■ AUDREY GRANT, Respondent, v RADAMAR MEAT, Doing Business as ASSOCIATED FOODS, Appellant. [742 NYS2d 349] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated August 17, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On a motion for summary judgment to dismiss a complaint in a slip and fall action based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (see *Stumacher v Waldbaum, Inc.,* 274 AD2d 572; *Bachrach v Waldbaum, Inc.,* 261 AD2d 426; *Dwoskin v Burger King Corp.,* 249 AD2d 358). The burden then shifts to the plaintiff to demonstrate the existence of an issue of fact as to whether the defendant either created the condition which caused the accident, or had actual or constructive notice of the condition (see *Stumacher v Waldbaum, Inc., supra; Bachrach v Waldbaum, Inc., supra; Dwoskin v Burger King Corp., supra*).

The defendant sustained its initial burden of demonstrating

that it did not have actual or constructive notice of the spilled sugar which allegedly caused the plaintiff's fall by submitting evidentiary proof which included the deposition testimony of the manager of its supermarket. In opposition to the motion for summary judgment, the plaintiff relied primarily upon statements allegedly made by a supermarket employee after the accident. These statements are not admissions binding on the store because there is no evidence that the employee was authorized to speak on behalf of the store and, accordingly, they are inadmissible (*see Tyrrell v Wal-Mart Stores*, 97 NY2d 650; *Impieri v First Natl. Supermarket*, 277 AD2d 284; *Marte v New York City Tr. Auth.*, 276 AD2d 755; *Williams v Waldbaums Supermarkets*, 236 AD2d 605). Furthermore, the plaintiff failed to submit evidentiary facts from which a jury could infer that the sugar spill on the supermarket floor had been present for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836; *Marukos v Waldbaums, Inc.*, 267 AD2d 434; *Cuddy v Waldbaum, Inc.*, 230 AD2d 703; *Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393; *Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280; *Pirillo v Longwood Assoc.*, 179 AD2d 744). Thus, the defendant is entitled to summary judgment dismissing the complaint. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.