(December 21, 2010)

■ MEMET ARSLAN, Appellant, v RICHMOND NORTH BELLMORE REALTY, LLC, Defendant, and STOP-N-SHOP SUPERMARKET, Respondent. [913 NYS2d 328]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated September 23, 2009, which, in effect, granted the renewed motion of the defendant Stop-N-Shop Supermarket for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly, in effect, granted the renewed motion of the defendant Stop-N-Shop Supermarket (hereinafter the defendant) for summary judgment dismissing the complaint insofar as asserted against it. The defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the affidavit of an employee charged with regularly inspecting the store in which the plaintiff tripped and fell, which demonstrated that the defendant did not create the alleged hazardous condition or have actual or constructive notice of it (*see Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d 321 [2006]; *Ganci v National Wholesale Liquidators of Farmingdale, Inc.*, 20 AD3d 551 [2005]; *Meyer v Pathmark Stores*, 290 AD2d 423 [2002]). The plaintiff's contention, in opposition, that the substance on the aisle floor must have been present for 20 to 30 minutes was, under the circumstances of this case, speculative and conclusory and, thus, insufficient to raise a triable issue of fact as to whether the defendant had constructive notice of the substance (*see Steisel v Golden Reef Diner*, 67 AD3d 670, 671 [2009]; *Gonforone v Southland Corp.*, 300 AD2d 443 [2002]; *Dixon v Lichtman*, 295 AD2d 308, 309 [2002]; *Marukos v Waldbaums, Inc.*, 267 AD2d 434 [1999]; *Cuddy v Waldbaum, Inc.*, 230 AD2d 703 [1996]; *Pirillo v Longwood Assoc.*, 179 AD2d 744 [1992]).

The plaintiff's remaining contention is without merit. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.