■ FRANKLIN FRANCO et al., Respondents, v REGENCY ASSOCIATES, Appellant. [625 NYS2d 242] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Dunkin, J.) dated January 14, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In this "slip and fall" case, in order for the plaintiffs to make out a prima facie case, they had to demonstrate that the defendant created the alleged dangerous condition which caused the accident or that it had actual or constructive notice of the condition *(see, Batiancela v Staten Is. Mall,* 189 AD2d 743; *Pirillo v Longwood Assocs.,* 179 AD2d 744). There is no evidence that the defendant either created the condition or had actual notice of it. Thus, the plaintiffs were required to produce evidence showing that the defendant had constructive notice of the condition. " 'To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defen-

dant's employees to discover and remedy it' " *(Pirillo v Longwood Assocs., supra,* at 745).

The plaintiffs failed to present any evidence that the condition, which was described by an eyewitness as a small piece of phlegm, existed for any length of time prior to the occurrence of the accident. Moreover, the plaintiffs failed to demonstrate that the substance was visible and apparent. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.