■ HELENE McKEE, Respondent, v ROBERT McKEE, Appellant, et al., Defendant. [625 NYS2d 933] —Appeal by the defendant Robert McKee from an order of the Supreme Court, Suffolk County (Prudenti, J.), dated January 21, 1993.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Prudenti at the Supreme Court. Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.

■ EILEEN MILLER et al., Respondents, v CITY OF NEW YORK, Respondent, and THERESA Z. STAVISKY, Appellant. [625 NYS2d 271] —In an action to recover damages for personal injuries, etc., the defendant Theresa Z. Stavisky appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated February 18, 1994, which denied her motion for summary judgment dismissing (1) the complaint insofar as it is asserted against her, and (2) the cross claim of the defendant City of New York.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Theresa Z. Stavisky, the cross claim is dismissed, and the action against the remaining defendant is severed.

The record indicates that the plaintiff Eileen Miller slipped and fell on an accumulation of ice and snow on a municipal sidewalk in front of a building owned by the appellant. The plaintiff's own deposition testimony was that there was no indication that the sidewalk had been shoveled. Therefore, having failed to submit any evidence that the appellant made the condition on the sidewalk more hazardous, the plaintiffs failed to prove a prima facie case of negligence and the appellant was entitled to judgment as a matter of law (see, Stewart v Yeshiva Nachlas Haleviym, 186 AD2d 731, 731-732; Oley v Village of Massapequa Park, 198 AD2d 272). In opposition to the motion for summary judgment, the plaintiffs submitted an affidavit of the plaintiff Eileen Miller stating that the sidewalk had indeed been shoveled. We find this belated assertion to be merely an attempt to avoid the consequences of dismissal by raising a feigned factual issue (see, Garvin v Rosenberg, 204 AD2d 388). Such a submission is insufficient to defeat the motion for summary judgment. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.