■ ANNE LEARY et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL, Appellant. [630 NYS2d 554] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated October 31, 1994, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiffs alleged in their complaint that the plaintiff Anne Leary slipped on liquid in a hallway of the defendant hospital as a result of the defendant's negligence. The defendant moved for summary judgment and submitted the plaintiffs' deposition excerpts which clearly showed that neither plaintiff knew what caused Ms. Leary to fall. In addition, the defendant submitted the statement of an employee that, immediately after the accident, she did not see any object or liquid in the hallway where Ms. Leary fell and that Ms. Leary told her "I have weakness in my legs".

In order to establish a prima facie case, the plaintiffs were required to demonstrate that the defendant created the alleged dangerous condition that caused the accident or that it had actual or constructive notice of the condition *(see, Franco v Regency Assocs.,* 214 AD2d 535; *Capitelli v King Kullen Grocery Co.,* 207 AD2d 325; *see also, Gordon v American Museum of Natural History,* 67 NY2d 836). The plaintiffs' failure to establish the cause of Ms. Leary's fall is fatal to their case *(see, e.g., Davis v Supermarkets Gen. Corp.,* 205 AD2d 730; *Garvin v Rosenberg,* 204 AD2d 388; *Earle v Channel Home Ctr.,* 158 AD2d 507). The affidavits submitted by the plaintiffs in opposition to the motion for summary judgment failed to cure the defect in their proof *(see, Miller v City of New York,* 214 AD2d 657; *Garvin v Rosenberg, supra).* Accordingly, the defendant's motion for summary judgment should have been granted. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.