■ HERBERT L. ROGERS, Appellant, v JANICE E. SKINNER et al., Respondents. [675 NYS2d 541] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated May 20, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the defendants were entitled to summary judgment (*see, Koch v Levenson*, 225 AD2d 592; *Williams v Econ*, 221 AD2d 429; *Wright v Morozinis*, 220 AD2d 496; *Greifer v Schneider*, 215 AD2d 354; *Cummins v Rose*, 185 AD2d 839). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.

■ JOSEPH ROMANO, Respondent, v JOSHUA H. KANNER et al., Appellants. [675 NYS2d 541] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (J. Leone, J.), dated April 28, 1997, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff commenced the instant action to recover damages for injuries allegedly sustained when he slipped and fell on a patch of ice located on the walkway leading to premises owned by the defendants.

The defendants moved for summary judgment on the ground that they neither created the allegedly dangerous condition nor had actual or constructive notice of it. The defendants' submission in support of their motion, which included the testimony of the plaintiff at his examination before trial, sufficiently established the absence of notice as a matter of law (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Arcuri v Vitolo*, 196 AD2d 519). The plaintiff's opposing affidavit was speculative and constituted "an attempt to avoid the consequences of dismissal by raising a feigned factual issue" (*Miller v City of New York*, 214 AD2d 657). Accordingly, the defendants' motion for summary judgment is granted. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.