■ PHILIP J. MARCHESE, JR., Respondent, v QUEENS BOULEVARD EXTENDED CARE FACILITY CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. R & A CONSTRUCTION CORP., Third-Party Defendant-Appellant. (And Another Title.) [724 NYS2d 460] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 9, 2000, which denied its motion for summary judgment dismissing the complaint, and the third-party defendant appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff was allegedly injured when a bicycle he was riding in his parents' driveway struck a piece of concrete the size of a football and he was thrown to the ground. The plaintiff did not see what he struck, due to darkness. However, his mother, who arrived at the scene of the accident shortly after it occurred, saw a piece of concrete near the plaintiff and his bicycle. The plaintiff thereafter commenced this action against the Queens Boulevard Extended Care Facility Corp. (hereinafter QBECFC), the owner of an adjacent construction site, alleging that the concrete was debris from the construction site. QBECFC brought a third-party action against its concrete subcontractor, the third-party defendant R & A Construction Corp. (hereinafter R & A). After joinder of issue and disclosure, QBECFC moved for summary judgment dismissing the complaint. It was not disputed that the driveway was used, with permission, to access the construction site, and that both QBECFC and R & A cleaned "spillage" or debris from the driveway daily. QBECFC argued that it was mere speculation

that the plaintiff struck the concrete, or, if he did, that the concrete came from the construction site and that it either created the dangerous condition or had actual or constructive notice of it. R & A cross-moved for summary judgment dismissing the third-party complaint based on similar arguments. We affirm the denial of the motion and cross motion.

Contrary to the appellants' contentions on appeal, neither made a prima facie demonstration of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Coto v United Artists Theatre Circuit,* 274 AD2d 444). There are several triable issues of fact (*cf., Amadio v Pathmark Stores,* 253 AD2d 834; *Skay v Public Lib.,* 238 AD2d 397; *Leary v North Shore Univ. Hosp.,* 218 AD2d 686). Thus, neither appellant is entitled to summary judgment. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.