■ BERNADETTE KRUZE, Respondent, v ED FLYNN, Doing Business as MCDONALD'S KISSENA BOULEVARD, et al., Appellants. [753 NYS2d 881] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated March 26, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On August 14, 1998, the plaintiff, a teacher's aide, accompanied 12 special education students on a field trip to a McDonald's restaurant operated by the defendants. While the plaintiff was in the play area of the restaurant near a "ball

pit," one of the children in her care started to run away. The plaintiff turned to go after the child, and slipped on a plastic ball which apparently had found its way out of the "ball pit."

Since there was no evidence that the defendants created the condition or had actual notice of it, summary judgment dismissing the complaint was warranted, unless the plaintiff succeeded in raising a triable issue of fact as to whether the defendants had constructive notice of the allegedly dangerous condition (*see Pirillo v Longwood Assoc.,* 179 AD2d 744, 745). The plaintiff failed to produce any evidence which would tend to establish that the plastic ball she stepped on had been on the floor for any length of time before the accident (*see Franco v Regency Assoc.,* 214 AD2d 535). Therefore, the Supreme Court should have granted the motion for summary judgment dismissing the complaint. S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.