■ William Grant et al., Appellants, v L & J G Stickley, Inc., et al., Respondents, et al., Defendants. [799 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated January 28, 2004, which, upon the granting of the separate motions of the defendants L & J G Stickley, Inc., and White Plains Shopping Center Associates, LLC, pursuant to CPLR 4404 (a) to set aside the jury verdict, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with one bill of costs.

While exiting a store operated by the defendant L & J G Stickley, Inc. (hereinafter L&J), and crossing onto a sidewalk owned by the defendant White Plains Shopping Center Associates, LLC (hereinafter White Plains), the plaintiff William Grant allegedly slipped and fell on a raised threshold of a doorway separating the elevated floor of the store from the adjoining sidewalk. Thereafter, he and his wife commenced this action to recover damages for personal injuries, etc. After the matter proceeded to trial and the jury delivered its verdict, the Supreme Court granted the separate motions of the defendants L&J and White Plains to set aside the jury verdict and dismissed the complaint insofar as asserted against them. We affirm.

Based on the evidence presented, there is "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Nicastro v Park*, 113 AD2d 129 [1985]). The jury could not have rationally concluded that the plaintiffs sustained their burden of proof, as the plaintiffs failed to introduce evidence identifying the cause of the accident. The plaintiffs' failure to establish the cause of the injury is fatal to their case (*see Amadio v Pathmark Stores*, 253 AD2d 834 [1998]; *Skay v Public Lib. of Rockville Ctr.*, 238 AD2d 397 [1997]; *Leary v North Shore Univ. Hosp.*, 218 AD2d 686 [1995]).

The plaintiffs' remaining contention is without merit. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.