■ NEIL BROAT, Respondent, v NEW YORK RACING ASSOCIATION, INC., Appellant. [679 NYS2d 638] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 24, 1997, which denied its motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated January 12, 1998, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated October 24, 1997, is dismissed, as that order was superseded by the order dated January 12, 1998, made upon reargument; and it is further,

Ordered that the order dated January 12, 1998, is reversed insofar as reviewed, on the law, the order dated October 24, 1997, is vacated, the defendant's motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that a general awareness that litter may be present is insufficient to charge a defendant with notice of the

condition alleged to have caused an accident (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 838; *Schultz v New York Racing Assn.,* 253 AD2d 489; *Paolucci v First Natl. Supermarket Co.,* 178 AD2d 636). In the present case, although the plaintiff may have established that there was litter on the floor at the defendant's race track, he failed to establish that the defendant had notice of the condition which is alleged to have caused his fall (*see, Schultz v New York Racing Assn., supra*). Thus, the defendant's motion for summary judgment dismissing the complaint must be granted. Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.