■ ARLINE CELLINI et al., Respondents, v WALDBAUM, INC., Doing Business as WALDBAUMS, Appellant. [691 NYS2d 569] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 29, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff allegedly sustained injuries when she slipped and fell on an advertising circular on the floor of the exit vestibule in the defendant's store. The defendant moved to dismiss the complaint on the ground, *inter alia*, that it had neither actual nor constructive notice of the condition that caused the injured plaintiff to fall. The Supreme Court denied the motion, finding that an issue of fact existed "as to whether defendant knew or should have known of the dangerous condition which existed in the store". We reverse.

It is well settled that in order "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506; *see, Gaeta v City of New York*, 213 AD2d 509; *Pirillo v Longwood Assocs.*, 179 AD2d 744). In the case at bar the defendant made a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Dwoskin v Burger King Corp.*, 249 AD2d 358). The burden then shifted to the plaintiffs to come forward with evidence sufficient to raise a triable issue of fact. However, the plaintiffs' opposition consisted of mere speculation that the defendant should have had constructive notice of a condition which the plaintiffs alleged to be a recurring hazard. Consequently, the plaintiffs failed to meet the evidentiary burden necessary to defeat the defendant's motion (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *Goldman v Waldbaum, Inc.*, 248 AD2d 436). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.