■ YESENIA PADILLA, Appellant, v WHITE PLAINS CITY SCHOOL DISTRICT, Respondent. [698 NYS2d 529] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 9, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when she slipped and fell on water and food while descending a staircase at White Plains High School. The defendant moved to dismiss the complaint on the ground that it had neither actual nor constructive notice of the condition that caused the plaintiff to fall. In response, the plaintiff conceded that the defendant had no actual notice, but maintained that a triable issue of fact existed as to whether the defendant had constructive notice, contending that the "dirty" condition of the water led to the inference that it had been present for a sufficient length of time to establish notice.

In order for a plaintiff to establish a prima facie case of negligence in a slip and fall case, the plaintiff must demonstrate that the defendant created the condition that caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Cellini v Waldbaum, Inc.,* 262 AD2d 345; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient amount of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836).

In this case, the defendant established, prima facie, the absence of notice as a matter of law (*see, Bachrach v Waldbaum, Inc.,* 261 AD2d 426). The burden then shifted to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (*see, Cellini v Waldbaum, Inc., supra*). The plaintiff, in opposition, merely speculated and submitted no proof that the substances upon which she allegedly slipped and

fell were present on the step for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy the hazardous condition (*see, Cuddy v Waldbaum, Inc.,* 230 AD2d 703). Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.