■ YELENA BRAZ, Respondent, v CENTRAL QUEENS YOUNG MEN'S AND YOUNG WOMEN'S HEBREW ASSOCIATION, INC., Appellant. [715 NYS2d 659] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated January 12, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was allegedly injured when she slipped and fell on a stairwell landing of a facility owned by the defendant. She alleged that she fell due to sandy, watery mud on the landing.

In support of its motion for summary judgment, the defendant established a prima facie case that it neither created nor had actual or constructive notice of the allegedly hazardous condition (*see, Gill v City of Mount Vernon,* 275 AD2d 733; *Price v EQK Green Acres,* 275 AD2d 737; *Rivera v City of New York,* 275 AD2d 701). The burden then shifted to the plaintiff

to come forward with sufficient evidence to raise a triable issue of fact (see, Cellini v Waldbaum, Inc., 262 AD2d 345). The plaintiff, in opposition, argued only that the defendant had constructive notice of the allegedly hazardous condition. However, the plaintiff failed to submit proof that the substance upon which she allegedly slipped and fell was present on the landing for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy the allegedly hazardous condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Padilla v White Plains City School Dist., 266 AD2d 442). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.