■ JOHN SCOLA et al., Respondents, v SUN INTERNATIONAL NORTH AMERICA, Doing Business as RESORTS CASINO HOTEL, et al., Appellants. [719 NYS2d 107] —In an action to recover dam-

ages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated March 15, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff John Scola was allegedly injured when he slipped and fell on spilled coffee on the lobby floor of the defendants' hotel and casino. In support of their motion for summary judgment, the defendants established, prima facie, that they did not create or have actual or constructive notice of the allegedly slippery condition (see, Gordon v American Museum of Natural History, 67 NY2d 836; Lewis v Metropolitan Transp. Auth., 64 NY2d 670; Gill v City of Mount Vernon, 275 AD2d 733). The burden then shifted to the plaintiffs to come forward with sufficient evidence to raise a triable issue of fact (see, Cellini v Waldbaum, Inc., 262 AD2d 345). In opposition, the plaintiffs asserted only that the defendants had constructive notice of the allegedly dangerous condition. However, the plaintiffs failed to submit proof that the coffee spill was visible and apparent, and had been present on the floor for a sufficient length of time before the accident to permit the defendants' employees to discover and remedy it (see, Gordon v American Museum of Natural History, supra; Padilla v White Plains City School Dist., 266 AD2d 442; Pirillo v Longwood Assocs., 179 AD2d 744). The bare conclusory assertions contained in the affidavit of the plaintiffs' expert, which consisted primarily of speculative allegations with no independent factual basis, were insufficient to raise a triable issue of fact and defeat the defendants' motion for summary judgment (see, Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533; Aghabi v Sebro, 256 AD2d 287; Shildkrout v Board of Educ., 173 AD2d 603, 604). S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.