■ ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY, et al., Respondents. (Action No. 1.) EXCHANGE INSURANCE COMPANY, Appellant, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY, et al., Respondents. (Action No. 2.) CONTINENTAL CASUALTY COMPANY, Appellant, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY et al., Respondents. (Action No. 3.) COMMERCIAL UNION INSURANCE COMPANY, Appellant, v KIPP'S ARCADIAN II, INC., Doing Business as KIPP'S PHARMACY, et al., Respondents. (Action No. 4.) AETNA CASUALTY & SURETY COMPANY et al., Appellants, v SAN REALTY CORP. et al., Respondents, et al., Defendants. (Action No. 5.) ANTHONY VASSALLO, Appellant, v SAN REALTY CORP. et al., Respondents, et al., Defendants. (Action No. 6.) [748 NYS2d 405] —In six related actions to recover for property damage, the plaintiffs in all of the actions appeal from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered April 16, 2001, as granted the motion of Kipp's Arcadian II, Inc., doing business as Kipp's Pharmacy, and San Realty Corp., for summary judgment dismissing the complaints insofar as asserted against them in those actions, and the plaintiffs in Action No. 5 also appeal from so much of the order as granted the cross motion of Anthony Vassallo in that action for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

The instant actions arise out of a fire which occurred on April 18, 1995, at 155 Main Street in Ossining (hereinafter the building) owned by Kipp's Arcadian II, Inc., doing business as Kipp's Pharmacy (hereinafter Kipp's Pharmacy). It is alleged that as a result of the fire, several buildings and the businesses contained therein sustained damage and business losses. The first floor of the building contained two businesses, Kipp's Pharmacy and a dental practice operated by Dr. Anthony Vassallo. A circuit breaker box, which controlled the lights and electricity in the pharmacy and Vassallo's office, allegedly caused the fire.

"To prove a prima facie case of negligence * * * a plaintiff is required to show that the defendant created the condition

which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506; *see Juarez v Wavecrest Mgt. Team Ltd.*, 88 NY2d 628, 646; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The defendants Kipp's Pharmacy and San Realty Corp. (hereinafter the Kipp's defendants) and Vassallo established their burden on their respective motions for summary judgment by demonstrating that they neither created nor had actual or constructive notice of the dangerous electrical condition which allegedly caused the fire (*see Alvarez v Compass Retail*, 237 AD2d 473, 474). In response, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557). The affidavits submitted by the plaintiffs were speculative and conclusory in nature (*see Clarke v Helene Curtis, Inc.*, 293 AD2d 701, 702; *Scola v Sun Intl. N. Am.*, 279 AD2d 466, 467; *Arce v New York City Hous. Auth.*, 265 AD2d 281, 282; *Matter of Aetna Cas. & Sur. Co. v Barile*, 86 AD2d 362, 366). Therefore, summary judgment was properly granted in favor of the Kipp's defendants and Vassallo.

The plaintiffs' and Vassallo's remaining contentions on their respective appeals are either unpreserved for appellate review or without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.