(November 30, 2016)

■ ACADIA CONSTRUCTION CORP., Respondent, v ZHN CONTRACTING CORP., Respondent-Appellant, and 30 MEADOW ST., LLC, et al., Appellants-Respondents. [42 NYS3d 264]—

In an action to recover damages for injury to property, the defendants 30 Meadow St., LLC, and Zakir H. Neseem appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 11, 2015, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their third cross claim against the defendant ZHN Contracting Corp., which sought contractual indemnification, and the defendant ZHN Contracting Corp. cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants 30 Meadow St., LLC, and Zakir H. Neseem which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying the motion of the defendant ZHN Contracting Corp. for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the appellants appearing separately and filing separate briefs.

On January 5, 2011, a fire broke out in the plaintiff's building, which was used for the plaintiff's construction and millwork business. Ming G. Wang, the owner of the plaintiff construction company, contends that sparks from welding on the roof of a neighboring building traveled to the roof of his building and down a ventilation shaft, causing the fire. Wang did not see this occur, but he had smelled and heard welding the day of the fire. The neighboring building at issue is owned by the defendant 30 Meadow St., LLC (hereinafter 30 Meadow), and rented to the defendant ZHN Contracting Corp. (hereinaf-

ter ZHN). The defendant Zakir H. Neseem is the sole owner of both 30 Meadow and ZHN. Neseem and a former ZHN employee, Asim Malik, both concede that construction to the building required some welding on the roof. However, they both deny that any welding was being done on the roof on the day of the fire.

After the fire, the plaintiff commenced this action to recover damages for injury to property, alleging that the fire and resultant damage was caused by the defendants' negligence. 30 Meadow and Neseem filed cross claims against ZHN for indemnification. ZHN thereafter moved for summary judgment dismissing the complaint insofar as asserted against it, and 30 Meadow and Neseem moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them and on their third cross claims against ZHN for contractual indemnification. The Supreme Court denied both motions on the basis that issues of fact existed. 30 Meadow and Neseem appeal, and ZHN cross-appeals.

First, as to the plaintiff's negligence cause of action, the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they committed no act from which a jury could rationally infer that they negligently caused the fire (see *Ali Abd Aloan Alomsi v 250 Dean, LLC*, 101 AD3d 1056, 1056 [2012]; *Katz v Eastern Constr. Developing & Custom Homes, Inc.*, 100 AD3d 830, 831 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact, as the plaintiff's evidence was speculative and conclusory (see *Tower Ins. Co. v Allstate Ins. Co.*, 31 AD3d 630, 631 [2006]). In particular, Wang's assertion that sparks from welding on the roof of the defendants' building caused the fire is speculative, as Wang did not see any welding being done that day, and he provided no basis for his opinion that the welding that he smelled and heard was being done on the defendants' roof rather than inside a building or on the roof of a different neighboring building (see *Associated Mut. Ins. Co. v Kipp's Arcadian II*, 298 AD2d 478, 479 [2002]). Moreover, the plaintiff's expert's affidavit was speculative and conclusory, as the expert provided no factual basis for his conclusion other than Wang's own speculation about the cause of the fire (see *Tower Ins. Co.*, 31 AD3d at 631; *Associated Mut. Ins. Co. v Kipp's Arcadian II*, 298 AD2d at 479; *Scola v Sun Intl. N. Am.*, 279 AD2d 466, 467 [2001]). The plaintiff also submitted photographs in opposition to the motions, but the photographs were taken after the fire, and in any event, did not depict any welding.

Since the Supreme Court should have granted summary judgment dismissing the plaintiff's underlying negligence cause of action, it also should have granted summary judgment dismissing the plaintiff's remaining causes of action, which alleged negligent hiring, negligent supervision, and the violation of unspecified laws and regulations (*see Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 476 [2005]).

Further, the Supreme Court correctly denied the motion of 30 Meadow and Neseem for summary judgment on their third cross claim against ZHN, which sought contractual indemnification. Pursuant to the lease for 30 Meadow's building, ZHN agreed to indemnify 30 Meadow "from and against all liabilities, . . . causes of action, costs and expenses, including attorneys' fees," asserted against 30 Meadow or the property for "loss of or damage to property occurring, or claimed to have occurred, on or about the Demised Premises or any part thereof." "A phrase such as 'in, on or about the Premises' is not to be read as limited in its spatial description to 'in the demised premises,' for then the words 'or about' would have no meaning. ['On or about'] is a phrase of art, frequently used synonymously to mean 'around' or 'on the outside of' " (*Pritchard v Suburban Carting Corp.*, 90 AD3d 729, 731 [2011] [citation omitted], quoting *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153, 159 [1977]). Here, 30 Meadow and Neseem did not make a prima facie showing that the "on or about" language in the subject lease applied to the inside of the plaintiff's neighboring building (*see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1019 [2012]; *Bryde v CVS Pharmacy*, 61 AD3d 907, 908 [2009]). Since 30 Meadow and Neseem failed to meet their prima facie burden, it is unnecessary to consider whether ZHN's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.