Tanglewood Terrace at Smithtown Corp. v Up Rite Constr. of Long Is. Corp. (2022 NY Slip Op 03541)





Tanglewood Terrace at Smithtown Corp. v Up Rite Constr. of Long Is. Corp.


2022 NY Slip Op 03541


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-11910
 (Index No. 602528/15)

[*1]Tanglewood Terrace at Smithtown Corp., appellant,
v
Up Rite Construction of Long Island Corp., etc., respondent, et al., defendant.


Schneider Buchel LLP, Garden City, NY (Marc H. Schneider, Thomas A. Bizzaro, and Diana DiLeonardo of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), entered September 23, 2019. The judgment, upon an order of the same court dated September 9, 2019, inter alia, granting that branch of the motion of the defendant Up Rite Construction of Long Island Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiff, inter alia, dismissing the complaint insofar as asserted against that defendant. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, without costs or disbursements.
In 2009, the defendant Up Rite Construction of Long Island Corp. (hereinafter the defendant) contracted with the plaintiff, a cooperative corporation, to perform work on the facade of three buildings owned by the plaintiff. In 2015, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the defendant had improperly performed its work, resulting in water infiltration and damage to the buildings.
The defendant subsequently moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion in an order dated September 9, 2019, and a judgment was thereafter entered in favor of the defendant and against the plaintiff, inter alia, dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
As the Supreme Court correctly concluded, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the breach of contract, breach of warranty, and negligence causes of action insofar as asserted against it by demonstrating that it had properly performed the work required under the contract, in conformance with the architectural plans, and that the damages to the premises for which the plaintiff sought to recover were not related to the defendant's work, but were a product of the initial design and construction of the buildings. In opposition, the plaintiff failed to raise a triable issue of fact. The expert's affidavit submitted by the plaintiff was conclusory and speculative, and failed to address the evidence submitted by the defendant in support of its motion (see Acadia Constr. Corp. v ZHN Contr. Corp., 144 AD3d 1059, [*2]1060). The court therefore properly granted those branches of the defendant's motion which were for summary judgment dismissing those causes of action insofar as asserted against it.
The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against it, as that cause of action was duplicative of the breach of contract cause of action (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807).
The plaintiff's remaining contention is without merit.
Accordingly, we affirm the judgment.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court