■ MARIA ECHEVERRI et al., Respondents, v IRWIN B. CAIN et al., Appellants, et al., Defendant

The appellants are the owners of a building in which the defendant Russo operated a laundromat. The plaintiff Maria Echeverri was injured while using an allegedly defective extractor in the laundromat. The appellants argue that as absentee landlords they did not control the premises and thus have no liability for Maria Echeverri's injuries.

The plaintiffs' assertion that a question of fact was presented as to the appellants' control over the premises is without merit. Nothing in the record indicates that the appellants were ever present during the time the extractor was defective, and nothing in the lease gave the appellants control over Russo's laundry machines. In fact, the lease provides the machines were to be maintained and repaired by the tenant and were to remain the property of the tenant.

The plaintiffs' argument that the appellants' liability is derived from the standard of care set forth in the Labor Law is also without merit. The statute imposes only limited responsibilities with respect to the leasehold property on an absentee landlord who does not operate a factory on the premises (Labor Law § 316 [2]).

The plaintiffs' other contention is without merit *(see, Clarke v Unanue,* 97 AD2d 888). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.