■ JOSE COUVERTIER, an Infant, by His Mother and Natural Guardian, MARTHA COUVERTIER, et al., Respondents, v ARCURI REALTY, INC., Appellant and Third-Party Plaintiff, et al., Defendant, et al., Third-Party Defendant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on February 9, 1989, which denied the motion by defendant Arcuri Realty, Inc. for summary judgment dismissing the complaint pursuant to CPLR 3212, is unanimously reversed on the law and the motion granted, without costs or disbursements.

Defendant-appellant Arcuri Realty, Inc., as landlord, leased certain premises at 1496 Second Avenue in Manhattan to Chauser Enterprises, Inc., which subsequently changed its name to The Great Manhattan Rib & Chicken Company, Inc. Plaintiff, Jose Couvertier, then 17 years of age, was employed as a dishwasher by Great Manhattan on July 15, 1984 when he was injured while endeavoring to light a hot water heater upon the instructions of his supervisor. Plaintiff had never attempted to start the heater before nor had he ever observed anyone else do so. Pursuant to the lease between defendant and Great Manhattan, third-party defendant herein, the tenant was required at its own cost and expense to install a hot water heater. Indeed, the third-party defendant exclusively purchased, installed and operated the hot water heater, which was primarily utilized to wash dishes.

In denying defendant's motion for summary judgment dismissing the complaint against it, the Supreme Court followed the authority of *Guzman v Haven Plaza Hous. Dev. Fund Co.* (69 NY2d 559), wherein the Court of Appeals held that the owner of a leased commercial property covered by the New York City Administrative Code which has no obligation for repairing or maintaining the premises but retains the right to enter and inspect and to make needed repairs at the tenant's expense may be liable for injuries due to a defect in the premises even in the absence of actual knowledge of the claimed defect. The lease between defendant and the tenant herein provides that the landlord or its agent shall have the right to enter the premises "to examine same and to make repairs, replacements and improvements as Landlord may deem necessary and reasonably desirable to the demised premises or to any other portion of the building or which Landlord may elect to perform following Tenant's failure to make repairs or perform any work which Tenant is obligated to perform under this Lease, or for the purpose of complying with laws, regulations and other directions of governmental

authority." However, contrary to plaintiff's argument that the facts in *Guzman v Haven Plaza Hous. Dev. Fund Co. (supra)* are, in all material respects, identical to the instant matter, and therefore, are controlling, there is a significant difference between the two situations. In *Guzman,* plaintiff, who fell and sustained injuries as she descended a flight of stairs, claimed that the stairs were defective and constituted a hazard because they were dimly lit and the handrail was too close to the wall. Noting the applicability of the New York City Administrative Code, the Court of Appeals stated *(supra,* at 565) that: "The Administrative Code charges the owner with responsibility 'at all times for the safe maintenance of the building and its facilities' (Administrative Code § C26-105.2 [now § 27-128]). The owner must maintain '[a]ll buildings and all parts thereof', including '[a]ll service equipment, means of egress, devices and safeguards that are required in the building by the provisions of this code or other applicable laws or regulations or that were required by law when the building was erected, altered or repaired' in good working order (Administrative Code § C26-105.1 [now § 27-127]). With respect to interior staircases the Code requires that '[h]andrails shall provide a finger clearance of 1½ in.' (Administrative Code § C26-604.8 [f] [now § 27-375 (f)]), and for lighting, the Code specified at the time of the mishap that 'corridors and exits shall be provided with artificial lighting facilities' furnishing at least five foot candles of illumination (Administrative Code § C26-605.1 [a] [now § 27-381 (a); new section now requires only two foot candles of illumination])."

The present case, in contrast, does not involve an alleged defect to a structural portion of the premises, such as stairs, nor does plaintiff assert that a hot water heater is included within the type of service equipment which is required by the Administrative Code or other relevant statutes or regulations to be provided by the owner to a commercial tenant. There is also no contention that the heater is a fixture which reverts to the owner upon the termination of the lease. Since plaintiff has failed to demonstrate that the hot water heater was mandated by law or that the owner was otherwise compelled by statute or regulation to maintain or repair such a heater, he cannot now rely upon the landlord's general contractual right to enter and make repairs to the premises as a basis for imposing liability. Certainly, the hot water heater was not part of the structure of the premises, nor did the landlord assume by the lease the obligation to maintain or repair the heater or even to supply hot water. In fact, there is no

indication that the heater was anything more than another piece of equipment or personalty installed by the tenant at its own expense, for which the tenant bears sole responsibility and which is its own property, such as a slicing machine, an oven or a toaster. Accordingly, defendant is entitled to summary judgment dismissing the complaint against it. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.