■ GLORIA PEREZ, as Administratrix of the Estate of GEORGE PEREZ, Deceased, et al., Respondents, v CITY OF NEW YORK et al., Defendants, and GEORGE KARPAY et al., Doing Business as G & K ASSOCIATES Co., Appellants.—Order, Supreme Court, New York County (Leonard Cohen, J.), entered on or about January 23, 1990, which, *inter alia,,* denied the cross motion for summary judgment dismissing the complaint against defendants George Karpay, Jack Jemel, Henry Rosenberg and Walter Friedrichs, unanimously reversed, insofar as appealed from, on the law, the motion granted and the complaint dismissed against these defendants, without costs and disbursements.

Plaintiffs alleged herein that George Perez and Hector Sierra, both employees of defendant 721 7th Avenue Operating Inc., doing business as Steak & Brew Burger Restaurant, were seriously injured when they were overcome by carbon monoxide fumes from an improperly installed water heater and that Mr. Perez subsequently died as a result of his injuries.

Defendants-appellants Karpay, Jemel, Rosenberg and Friedrichs, who were the owners of the building where the restaurant was located, moved for summary judgment on the

grounds that they bore no responsibility for the defective water heater, which had been installed four days before the accident. The lease under which defendants-appellants let the premises allowed them to reenter and examine the premises and to make such repairs, replacements and improvements as they deemed necessary. During the 3½ years of the tenant's occupancy, a representative of defendants-appellants had visited the premises five times and, it was alleged, on one of those occasions had visited the mezzanine area of the restaurant in which the heater, which was in a closet-like room adjacent to the restrooms, had subsequently been installed.

We agree with the IAS court that plaintiffs sustained their burden to withstand summary judgment on the issue of appellants' responsibility for the defect. Where a landlord retains the right to reenter, inspect, and make repairs, he or she will be held liable for defects which are in violation of an obligation imposed by the Administrative Code of the City of New York and of which he or she has notice. *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559.) Plaintiffs offered evidence that the installation of the fluepipe connected to the heater was faulty and illegal and that the flue had been bent at incorrect angles, thereby permitting the release of carbon monoxide. This presents a question of fact as to whether there was a defect coming within the ambit of those responsibilities which a landlord bears pursuant to the Administrative Code, including not only the general requirements for the safe maintenance of the building and its facilities (Administrative Code §§ 27-127, 27-128), but specific responsibilities concerning the proper venting of gas-fired equipment (Administrative Code § 27-879 *et seq.).* Since plaintiffs alleged that the defect had been in the flue, which, as part of the venting system, is governed by the Administrative Code, and not in the water heater itself, which is not governed by the Administrative Code, this case is distinguishable from *Couvertier v Arcuri Realty* (161 AD2d 381).

However, in addition to showing that defendants-appellants were responsible for the venting, plaintiffs were obliged to demonstrate that defendants-appellants had notice, either actual or constructive, of the defect at the time the accident occurred. *(Tkach v Montefiore Hosp.,* 289 NY 387.) In order to demonstrate constructive notice, plaintiffs were required to show not only that defendants-appellants had a right to reenter *(Guzman v Haven Plaza Hous. Dev. Fund Co., supra),* but that the defect was visible and apparent and existed for a sufficient period of time prior to the accident so as to permit

defendants-appellants to discover and remedy it. *(Gordon v American Museum of Natural History,* 67 NY2d 836.) We find that, under the circumstances herein, the mere four-day lapse between the defective installation and the accident was insufficient as a matter of law to establish constructive notice of the defect. Since there was no allegation that defendants-appellants had actual notice of the defective installation, they therefore cannot be held liable and are entitled to summary judgment dismissing the complaint. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.