■ ANIBAL CANELA, Respondent, v FOODWAY SUPERMARKET et al., Defendants, and LUMINIER CORP. et al., Appellants.— Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 3, 1991, to the extent that it denied the landlord defendants' cross motion to dismiss the amended complaint or grant them summary judgment, unanimously modified, on the law, the cross motion is granted, said defendants are granted summary judgment dismissing the complaint, and the order is otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the action as against them.

Plaintiff was shopping at a supermarket when she was struck by a food scale which fell from its ceiling suspension. The injured plaintiff brought this action against the supermarket and its landlord. When plaintiff moved for sanctions and certain other relief addressed to the pleadings, the landlord defendants cross-moved for summary judgment, *inter alia.* Those defendants appeal the denial of their cross motion.

The law is well settled that an owner/lessor is not liable to third parties injured on demised premises unless said lessor has retained control or is contractually obligated to make repairs or maintain the premises *(Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691; *Schlesinger v Rockefeller Ctr.,* 119 AD2d 462). The lease gave the landlord a right to enter for the purpose of making inspections, alterations and repairs, but nowhere is plaintiff able to point to any contractual obligations to make such inspection and repair. A landlord's contractual reservation of a right of reentry for general inspection purposes, unrelated to any affirmative obligation to maintain or repair, does not confer control over the premises sufficient to impose liability for a subsequently arising dangerous condition *(see, Mobile Home Estates v Preferred Mut. Ins. Co.,* 105 AD2d 883, 884), particularly where the dangerous condition arises concerning a piece of lawful equipment installed by the tenant *(see, Couvertier v Arcuri Realty,* 161 AD2d 381, 382-383), over which the landlord has no control *(Echeverri v Cain,* 124 AD2d 780, *lv denied* 70 NY2d 609).

An affidavit of the landlord's president, together with a copy of the lease, demonstrated prima facie entitlement to summary judgment *(see, Clarke v Unanue,* 97 AD2d 888), easily withstanding challenge by a bare affirmation of plaintiff's attorney, who had no personal knowledge of the facts *(Zucker-*

*man v City of New York,* 49 NY2d 557). The landlords cannot be liable in this circumstance, as a matter of law. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.