09-4540-cv
Feis v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of October, two thousand ten.

Present:    ROBERT A. KATZMANN,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                            *Circuit Judges.*

───────────────────────────────────────────────────────

LOUIS FEIS,

                *Plaintiff-Appellant,*

                - v -                        No. 09-4540-cv

UNITED STATES of AMERICA,

                *Defendant-Appellee.*[*]

───────────────────────────────────────────────────────

For Plaintiff-Appellant:         SUSAN R. NUDELMAN, Dix Hills, N.Y.

For Defendant-Appellee:          DIANE LEONARDO BECKMANN, Assistant United
                                 States Attorney (Varuni Nelson, Assistant
                                 United States Attorney, *on the brief*), *for* Loretta
                                 E. Lynch, United States Attorney, Eastern
                                 District of New York, Central Islip, N.Y.

        Appeal from the United States District Court for the Eastern District of New York

───────────────────────────

[*]   The Clerk of the Court is directed to amend the official caption as set forth above.

(Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED.**

Plaintiff-appellant Louis Feis appeals from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*) entered September 14, 2009, granting defendant's motion for summary judgment and dismissing plaintiff's complaint. In this action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), plaintiff alleged that he was injured in a fall caused by a wet floor condition at the United States Department of Veterans Affairs ("VA") Medical Center in Northport, New York, on May 12, 2005. We assume the parties' familiarity with the remaining facts and procedural history of this case.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review a district court's evidentiary rulings, in turn, for abuse of discretion. *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). To make out a prima facie case of negligence in a slip and fall case under New York law, a plaintiff must demonstrate "that defendant had knowledge of the alleged dangerous condition, either actual or constructive, or that it caused the condition to be created by its own affirmative act." *Mercer v. City of N.Y.*, 637 N.Y.S.2d 456, 458 (2d Dep't 1996) (internal quotation marks omitted).

On appeal, plaintiff first argues that in granting defendant's motion for summary judgment the district court "improperly imposed [d]efendant's primary burden on [p]laintiff[],

2

the non-moving part[y]." Pl. Br. at 25. In so arguing, plaintiff contends that defendant, "as the moving party, had the initial burden of producing evidence to affirmatively show that it did *not* cause or create the dangerous condition on the basement floor and that it lacked actual and constructive notice of said condition." *Id.* It is well established, however, that "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's claim, and the district court did not improperly shift the burden of proof in addressing defendant's motion for summary judgment.

The district court's grant of summary judgment rested in part on its decision to exclude plaintiff's testimony that an unidentified hospital employee approached him in the emergency room and said, "I'm sorry I left water on the floor. The squeegee didn't pick it all up." J.A. 81. The district court concluded that this statement was inadmissible hearsay because plaintiff failed to lay an adequate foundation to support its admission. In its consideration of the statement's admissibility, however, the district court concluded that it could not consider the statement itself in determining whether an adequate foundation had been laid. In so doing, the district court erred.

Federal Rule of Evidence 801(d)(2)(D) provides in relevant part that "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of

the relationship." A party seeking to introduce a vicarious admission must establish "(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). While "this foundational predicate may be established by circumstantial evidence," *id.* at 538, the statement itself is not alone sufficient to establish the agency or employment relationship and scope thereof, *see* Fed. R. Evid. 801(d)(2). The rule is explicit, however, in directing that the "contents of the statement shall be considered" in determining the adequacy of the foundation. *Id.*

Here, in light of these principles, we conclude that the district court abused its discretion in excluding plaintiff's testimony regarding the declarant's statement without considering the statement itself in determining whether adequate foundation had been established. The district court ruled, in direct contravention of the language of Rule 801(d)(2), that "the statement itself may not be used to establish this foundation." J.A. 323. This was plainly an incorrect statement of the law, and constituted an abuse of discretion. *See United States v. Hasan*, 586 F.3d 161, 168 (2d Cir. 2009) ("[A] district court necessarily 'abuses its discretion' if it makes an error of law.").

Accordingly, we vacate the district court's judgment granting defendant's motion for summary judgment, so as to permit the district court to consider this motion anew after assessing in the first instance whether plaintiff's testimony regarding the declarant's statement is admissible, considering *inter alia*, the statement itself in determining whether an adequate foundation was established. Determination of the admissibility of the statement is left to the district court on remand, and we express no view as to the propriety of summary judgment upon

4

a proper exercise of the district court's discretion in determining whether to admit plaintiff's testimony.

Additionally, plaintiff argues that the district court improperly "ignored" plaintiff's Local Rule 56.1 counter-statement in its entirety. Pl. Br. at 51-52. The district court did no so such thing. To the contrary, it merely declined to "consider as disputed any statement supported by admissible evidence to which Plaintiff objects, *but does not support with evidence*," J.A. 316 n.2 (emphasis added), in perfect accordance with Local Rule 56.1(d), which requires that each statement "controverting any statement of material fact[] must be followed by citation to evidence which would be admissible." Local Civ. R. 56.1(d).

We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, for the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE