11-1259-cv
Feis v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT:
            RALPH K. WINTER,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

LOUIS FEIS,
        Plaintiff-Appellant,

        -v.-                                11-1259-cv

UNITED STATES OF AMERICA,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     Susan R. Nudelman, Dix Hills, New York.

FOR DEFENDANT-APPELLEE:      Varuni Nelson, Diane C. Leonardo Beckmann, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Central Islip, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Louis Feis appeals from the district court's February 14, 2011 judgment, granting summary judgment in favor of defendant-appellee United States of America. The district court entered judgment pursuant to its memorandum and order dated February 9, 2011.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Feis filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, in July 2007. He alleged that he slipped and fell on a wet floor at the Veterans Affairs ("VA") Hospital in Northport, New York on May 12, 2005 and, as a result, sustained permanent injuries. Feis claimed that the wet floor was attributable to the VA Hospital's negligence. Feis testified at his deposition that an unidentified individual, whom he had previously seen cleaning the floors on prior visits to the hospital, approached him in the emergency room after his fall and said, "I'm sorry I left water on the floor. The squeegee didn't pick it all up." (Ex. A to Def.'s 56.1 Statement at 42-44 ("Feis Dep.")).

On September 10, 2009, the district court granted the government's motion for summary judgment, concluding that Feis had not shown that the VA Hospital created the slippery condition or that it had requisite notice of the condition. It deemed

-2-

Feis's account of the individual's statement in the emergency room inadmissible, finding that there was insufficient circumstantial evidence to establish that the individual was a VA employee for the purpose of admitting the statement under Federal Rule of Evidence 801(d)(2)(D) ("A statement . . . is not hearsay . . . [if it] is offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . .").

On October 1, 2010, we vacated the district court's judgment on the basis that it failed to consider the individual's statement itself in determining whether an adequate foundation under Rule 801(d)(2)(D) had been established. See Feis v. United States, 394 F. App'x 797 (2d Cir. 2010) (summary order). On remand, the district court found that the statement, coupled with Feis's inability to recall other identifying information about the individual and the lack of any other evidence as to the individual's identity or alleged employment, failed to establish that the individual was an employee of the VA Hospital. It therefore concluded again that Feis had not laid the proper foundation on which to admit the statement under Rule 801(d)(2)(D) and granted summary judgment in favor of the government.

Our review of a grant of summary judgment presenting evidentiary issues involves two levels of inquiry. LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 211 (2d Cir. 2005) (citing Raskin v. Wyatt Co., 125 F.3d 55, 67 (2d Cir.

-3-

1997)).  First, we review the district court's evidentiary rulings for abuse of discretion and reverse only for "manifest error."  Id. at 205-06, 211; see also Sage Realty Corp. v. Ins. Co. of N. Am., 34 F.3d 124, 128 (2d Cir. 1994).  Second, with the evidentiary record defined, we review the district court's grant of summary judgment de novo.  LaSalle Bank, 424 F.3d at 211 (citing Raskin, 125 F.3d at 67).  For summary judgment to be granted, there must be "'no genuine issue as to any material fact'" and the movant must be "'entitled to judgment as a matter of law.'"  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (quoting Fed. R. Civ. P. 56(a)).  In deciding a motion for summary judgment, the court must resolve ambiguities and draw reasonable inferences against the movant and review factual determinations "in the light most favorable to the non-moving party."  Id.

We have conducted an independent review of the record in light of these principles and conclude that the district court did not abuse its discretion in excluding the statement and that the district court properly granted summary judgment in favor of the government.

Recognizing the "wide latitude" we give district courts in determining the admissibility of evidence, see Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001) (citation and internal quotation marks omitted), we cannot conclude that the district court's evidentiary ruling here was outside the "range of permissible decisions," see United States v. Miller, 626 F.3d

-4-

682, 690 (2d Cir. 2010) (citation and internal quotation marks omitted), or that it was "manifest error," see LaSalle Bank, 424 F.3d at 205-06. Indeed, we have previously affirmed the exclusion of testimony offered under Rule 801(d)(2)(D) where, as here, there was little evidence to establish that the declarant was an agent or employee of the opposing party. See, e.g., Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 128-29 (2d Cir. 2005). See also Fed. R. Evid. 801(d)(2) ("The statement . . . does not by itself establish . . . the existence or scope of the [agent or employee] relationship under (D) . . . .").

Without the excluded statement of the unidentified individual, Feis presented insufficient evidence to raise a genuine issue of fact as to whether the VA Hospital created the slippery condition or had actual or constructive notice of the slippery condition. See Bykofsky v. Waldbaum's Supermarkets, Inc., 619 N.Y.S.2d 760, 761 (2d Dep't 1994) ("[F]or a plaintiff in a 'slip and fall' case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition."). Feis's only other assertion -- mainly, that he had previously seen streaks of water on the floor after the squeegee machine had been used and that he had previously complained about water on the floor -- is not enough to support the inference that the wet floor on the day of his fall was caused by the VA Hospital or that the VA Hospital was, or should have been, aware of it. See

-5-

id. ("To constitute constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" (quoting <u>Gordon v. Am. Museum of Natural History</u>, 67 N.Y.2d 836, 837 (1986)); <u>Lewis v. Metro. Transp. Auth.</u>, 472 N.Y.S.2d 368, 372 (1st Dep't 1984) (presence of slippery condition alone not enough to establish cause of action).

We have considered Feis's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left: 40%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>